## No. 5.

### TUTORSHIP OF THE MINOR HEIRS OF H. & M. J. McCORMICK.

This Court will not infer that the judge of the Probate Court, when he rendered his judgment in chambers, homologating the Deliberations of the family meeting, did not have the process-verbal before him, because the judgment was signed on the 25th of October 1877, and the Petition of the Tutrix praying for the homologation, the process-verbal and the judgment were only filed on the 26th October 1877. It is of common practice to place such papers in the hands of the judge for his consideration and signature in chambers, and to file them after he has signed the judgment.

There is no reason to disturb on appeal the decree of the Probate Court homologating the Deliberations of the family meeting and authorizing the mortgage of minors' property, when all the requirements of the law for such mortgage have been fulfilled and the decree rendered on proper evidence of the same.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

Wise & Herndon for Appellants :

First—The homologation of the proceedings of a family meeting involving the interests of minors, will be set aside on appeal, when it appears that the lower court, at the date of the homologation, had no evidence before it going to show whether the recommendation of the family meeting would injure or benefit the minors. 32 A. 97, Succession of Henry J. Forstall.

Second—The law requires the testimony of witnesses in cases before courts of probate shall be taken in writing and annexed to the record, and a list shall be made of such documents as are produced by the parties, and are not annexed to the record, that they may be read on the appeal. This provision of law has always been held to be imperative. C. C. p. 1042 ; Polk vs. Childress, 4 A. 500 ; Tomkins vs. Benjamin, 16 La. 200 ; Graham vs. Graham Heirs, 16 La. 203 ; Reihl vs Nortin, 29 A. 17.

L. M. Nutt for Appellee.

---

The opinion of the Court was delivered by

FENNER, J. This appeal is taken by an emancipated minor, in her

Tutorship of Minor Heirs of McCormick.

own behalf, and by an under tutor in behalf of two other minors, from a judgment homologating the deliberations of a family meeting, and, in accordance with the recommendation thereof, authorizing the tutrix of said minors to borrow twelve thousand dollars for the use of the minors, and to give a mortgage on their property to secure the same.

The petition filed by the tutrix sets forth fully the motives and purposes for which the loan was required. The procés-verbal of the family meeting recites that "after considering said petition and hearing the evidence adduced before them, after due deliberation, said meeting advised as follows: that the revenues of said minors being insufficient to pay the taxes and other debts now due and exigible from said minors, and, further, it being necessary for the protection of mortgage rights held by them that money should be raised for them with which to pay taxes on property mortgaged to them, it is the opinion and advice of this meeting that M. D. C. Cane, tutrix, be authorized and empowered to borrow, etc., and to execute a mortgage," etc.

These proceedings took place on October 24th, 1877, and are approved by the under tutor. A petition was then prepared by the tutrix presenting the aforesaid procés-verbal, and praying for the homologation thereof, to which petition is attached an acceptance of service, waiver of time, and consent to the homologation, signed by the under tutor under date of October 24th, 1877 ; and upon it are indorsed the order and judgment of the judge homologating the proceedings and granting the authority prayed for, in accordance therewith, which judgment recites that it is "done and signed in chambers this 25th day of October, 1877."

The whole of these proceedings, viz.: the petition for homologation, the procés-verbal of the family meeting, the consent of the under tutor, and the judgment and order of court, are indorsed as having been filed on the 26th of October, 1877 ; and the counsel for appellants contends that, as the judgment of the court is dated October 25th, and the procés-verbal of the family meeting is filed only on the 26th, we must infer that the judge, at the time of rendering his judgment, did not have before him, even, the procés-verbal, and was, therefore, without any foundation for his action. We think it is patent on the face of the record that the petition and accompanying documents were presented to the judge, that he made his order thereon in chambers, and when returned by him to counsel, the whole were filed in court together. This is not an uncommon practice in such cases, and we see nothing harmful in it. It explains the discrepancy in date, and leaves no ground for the improbable inference, sought to be drawn by counsel, that the judge homologated the proceedings without even having before him the procés-verbal thereof, or knowing what the proceedings were.

62

If this inference were sustained, it might bring this case within the doctrine of Succession of Forstall, 32 A. 97. There, the lower court had homologated the proceedings of a family meeting recommending the approval and ratification of an act of compromise, and the court had actually confirmed said compromise, although it affirmatively appeared that at the time of rendering his judgment the judge had never had before him the act of compromise or 'any statement or evidence showing in any manner the nature thereof, but acted simply on the procés-verbal of the family meeting, which merely referred to the compromise as embodied in a separate act not filed, and did not state its nature or objects. Our predecessors rightly held that the confirmation of the compromise was a judicial act, involving the exercise of judgment, and could not be validly made by the judge when he had nothing before him to show even what was the compromise which he was confirming.

In the case at bar, we are satisfied the procés-verbal was before the judge when he acted ; and that set forth fully the nature, object, and purposes of the order asked, and the reasons on which the family meeting acted in recommending it. The judge was thus fully enlightened as to what he was doing ; and if the order asked seemed to him proper, and the reasons of the family meeting satisfactory, and as the under tutor, instead of opposing, expressly concurred in the recommendation, we know of no law requiring him to create a *contestatio litis* not provoked by any parties interested, and to take further evidence to satisfy his own mind when his order shows it was already satisfied. Such a requirement would certainly introduce a novelty in practice, would operate a surprise upon the profession, and would invalidate a multitude of probate proceedings. We do not interpret the Forstall decision as sanctioning such doctrine.

We think the law exhibits sufficient watchfulness over the interest of minors in the granting of such orders, in requiring, first, an application by the tutor usually supposed to be concerned for the interest of his wards ; second, a reference to a meeting of their relatives and friends to consider, advise, and report for or against it ; third, the action of their under tutor, specially appointed to protect their interests against any improper action of their tutor ; fourth, the final approval of the judge with all the prior proceedings before him.

When all these concur, and the proceedings on their face show a sufficient foundation for the action had, in the absence of any contest at the time, we find no warrant for reversing the judgment of the court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at appellant's cost.